1 | Bruce W. Stratford, 4922
Stratford Legal
2 | Attorney for Plaintiff
P.O. Box 150113
3 | Ogden, Utah 84415
(801) 475-9525
4 | bruce@stratfordlegal.com



**UNITED STATES DISTRICT COURT
STATE OF UTAH NORTHERN DIVISION**

GET AWAY TODAY.COM, INC. (a Utah Corporation),

    Plaintiff,

vs.

NameMedia, Inc. (aka YesDirect, Inc.), (aka BuyDomains Holdings, Inc.), (dba BuyDomains.Com), a Delaware Corporation, and Rare Names, Inc. a Delaware Corporation, Robert J. Davis, Richard DeSilva, Kelly P. Conlin, Jeffrey S. Bennett, Brian D. Lucy, Martin J. Mannion, individuals and John Does 1 - 10.

    Defendants.

**COMPLAINT**

Case: 1:10cv00112
Assigned To : Sam, David
Assign. Date : 7/13/2010
Description: Get Away Today v. BuyDomains et al.

Jury Trial Demanded

Comes now the Plaintiff by and through legal counsel and complains of Defendants as follows:

Complaint Page - 1

**Nature and Basis of Action**

This is an action for trademark, trade-dress, trade-name infringement, false advertising and dilution under provisions of 15 U.S.C. §1125(a)("Lanham Act") and 15 U.S.C. §1125(d) (Cyberpiracy"), under provisions of Utah Code Annotated §70-3a et seq., ("Trademarks & Trade-names"), and common law trademark, trade-name infringement, trademark, trade-name dilution, unfair competition, false advertising, and conversion.

**Parties**

The Plaintiff is a Utah Corporation engaged in commerce in the State of Utah and on the world wide web. The Defendants are corporations chartered in the State of Delaware, with foreign registrations in the State of Massachusetts, and the District of Columbia doing business on the world wide web and throughout the United States; and are individuals believed to reside outside the State of Utah, doing business on the world wide web throughout the United States and within the State of Utah.

**Jurisdiction**

The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and §1338 and has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

**Venue**

Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b)(2)and (d).

**Statement of Facts**

1. Plaintiff, a Utah Corporation, currently headquartered in Ogden, Utah commenced business operations in the travel industry in 1990.

2. Plaintiff originally established its' business operations under the trade-name of Get-Away Today, Inc. and registered this name as its' corporate name with the State of Utah.

3. Throughout the history of the company, the company has been known in the travel industry by the mark 'Get Away Today.'

4. Plaintiff is also known in the industry under the name of Get Away Today Vacations.

5. In 2004 Plaintiff filed articles of amendment with the State of Utah officially changing the corporate name of Get-Away Today, Inc. to Get Away Today Vacations, Inc. Plaintiff amended its corporate name a second time by filing with the State of Utah on August 30, 2008, changing the name to Get Away Today.Com Inc.

6. Plaintiff through its continued business operations has actively and continuously provided services in the travel industry establishing its identity in the industry and becoming well known as a provider of vacation travel to Disneyland, Sea-World, Southern California, and other destinations.

7. As a virtue of Plaintiff's daily work efforts the words Get Away Today, and its' derivatives, have come to identify Plaintiff, its reputation and source of services; resulting in industry acknowledged name recognition, common law trademark, trade-dress, trade-name rights and goodwill.

8. Plaintiff has expended considerable time, efforts and funds in marketing, promoting and advertising its services under the name Get Away Today and its derivatives. Through these efforts the name Get Away Today has become a known source of vacation travel.

9. In 2007, the Plaintiff brought an action against the defendants in the United States District Court of the State of Utah, Northern Division; Case No. 07-cv-141.

10. This case addressed the issue of the defendant's use of the domain name www.getawaytodayvactions.com. This case was settled with defendant relinquishing the particular URL registration back to the Plaintiffs.

11. Defendants are now using the domain name www.getawaytoday.net. The defendants are using this domain name in an effort to both sell the domain name and derive profits from it through advertising of travel service.

12. Defendants have caused the URL www.getawaytoday.net to be used in conjunction with a website that plays off the goodwill, reputation, trademark, trade-dress, trade-names, marketing, and promotion materials of the Plaintiff.

13. Defendants do not independently provide any travel services through said web site rather Defendants have caused said website to link to other providers of travel services.

14. The Corporation and its actions are only instruments of the individual managing and directing them. As such the acts of the

corporate decisions are the summation of the direction of the individuals.

15. Defendants have used a series of corporate entities, and assumed names to register hundreds of URL's on the World Wide Web. In so doing, defendants attempt to hold legitimate companies hostage in order to force them to buy back their corporate identities from the defendant.

16. Defendants have marketed and attempted to resell the URL www.getawaytoday.net.

17. The actions of the individual Defendants in using the URL www.getawaytoday.net to improperly benefit from the trademark, trade-dress, trade-name, goodwill, reputation, marketing and promotional efforts of the Plaintiff have been intentional and willful constituting bad faith.

18. The ongoing use of the URL www.getawaytoday.net by the Defendants serves as a method in commerce to cause confusion and mistake for those seeking the services of Get Away Today.Com in the travel industry; further providing a platform to mislead as to the origin and source of services, dilute the identify of Get Away Today.Com and to divert consumers seeking to use the services and products of Get Away Today.Com.

19. All defendants, individually and collectively, jointly and severally are liable for these acts.

**COUNT I**

**TRADEMARK & TRADENAME INFRINGEMENT**

1  22. Plaintiff hereby incorporates paragraphs 1 through 21 above
2  by reference in Count I as if fully set forth.
3  23. The obtaining and use of the URL www.getawaytoday.net by the
4  Defendants constitutes the use in commerce of a word, term,
5  name, or symbol that is likely to cause confusion, or to cause
6  mistake, or to deceive as to origin the services and products of
7  the Plaintiff in violation of 43(a)(1)(A) of the Lanham Act, 15
8  U.S.C. §1125(a)(1)(A).
9  24. Plaintiffs demand a judgment against the Defendants and ask
10 the Court to award the relief specified in the "Relief
11 Requested" section at the end of this Complaint or other relief
12 that the Court deems proper.

### COUNT II

**COMMON LAW & STATE LAW TRADEMARK & TRADE-NAME INFRINGEMENT**

15 25. Plaintiff hereby incorporates paragraphs 1 through 21 above
16 by reference in Count II as if fully set forth.
17 26. Defendants' conduct in obtaining and using the URL
18 www.getawaytoday.net constitutes trademark and trade-name
19 infringement under the common law of the State of Utah; and Utah
20 Statutes, §70-3a-104.
21 26. Plaintiffs demand a judgment against the Defendants and ask
22 the Court to award the relief specified in the "Relief
23 Requested" section at the end of this Complaint or other relief
24 that the Court deems proper.

### COUNT III

**COMMON LAW & STATE LAW TRADEMARK & TRADE-NAME DILUTION**

**& INJURY TO BUSINESS REPUTATION**

27. Plaintiff hereby incorporates paragraphs 1 through 21 above by reference in Count III as if fully set forth.

28. Defendants have used the URL www.getawaytoday.net in such a manner as to dilute a trademark and trade-name of the Plaintiff; further injuring the goodwill and business reputation of the Plaintiff in violation of the common law of the State of Utah and Utah Statutes §70-3a-403.

29. Plaintiffs demand a judgment against the Defendants and ask the Court to award the relief specified in the "Relief Requested" section at the end of this Complaint or other relief that the Court deems proper.

### COUNT IV

### CYBER-PIRACY

30. Plaintiff hereby incorporates paragraphs 1 through 21 above by reference in Count IV as if fully set forth.

31. Defendants have intentionally and willfully acted to register and obtain control of the URL www.getawaytoday.net; further trafficking in the lines of business of the Plaintiff through said URL. The acts of Defendants constitute bad faith and are in violation of 15 U.S.C. §1125(d).

32. Plaintiffs demand a judgment against the Defendants and ask the Court to award the relief specified in the "Relief Requested" section at the end of this Complaint or other relief that the Court deems proper.

### COUNT V

### UNFAIR COMPETITION

**UNFAIR COMPETITION**

33. Plaintiff hereby incorporates paragraphs 1 through 21 above by reference in Count V as if fully set forth.

34. Defendants' actions in using the URL www.getawaytoday.net have and continue to unfairly use and compete in commerce using the goodwill, reputation, marketing and promotions of the Plaintiff to divert business, customers, clients and the general public from the Plaintiff to the Defendant and parties associated with the defendant.

35. Plaintiffs demand a judgment against the Defendants and ask the Court to award the relief specified in the "Relief Requested" section at the end of this Complaint or other relief that the Court deems proper.

**COUNT VI**

**FALSE ADVERTISING**

36. Plaintiff hereby incorporates paragraphs 1 through 21 above by reference in Count VI as if fully set forth.

37. Defendants' use of the URL www.getawaytoday.net constitutes false advertising and designation of origin under section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A), as this prior and continued use of designation of services is likely to cause confusion among consumers.

38. Plaintiffs demand a judgment against the Defendants and ask the Court to award the relief specified in the "Relief Requested" section at the end of this Complaint or other relief that the Court deems proper.

## COUNT VII

## CONVERSION

39. Plaintiff hereby incorporates paragraphs 1 through 21 above by reference in Count VII as if fully set forth.

40. Defendant has obtained and registered the URL www.getawaytoday.net.

41. Said URL constitutes the corporate name and identity of the Plaintiff; which name and identity constitute personal property of the Plaintiff.

42. Through the registration of said URL Defendants have converted for their own use the name and identity of the Plaintiff.

43. The actions of the Defendants have been intentional and willful.

44. Defendants are liable to the Plaintiff under the common law of the State of Utah for conversion of the property of the Plaintiff.

45. Plaintiffs demand a judgment against the Defendants and ask the Court to award the relief specified in the "Relief Requested" section at the end of this Complaint or other relief that the Court deems proper.

## RELIEF REQUEST

46. Plaintiff prays for relief and judgment against the Defendants on each and every count in this Complaint:

1    (1) Enjoining and restraining Defendants, its agents, servants, employees, attorneys and all persons in concert or participation with any of them from using the URL www.getawyatoday.net; and

2    (2) Awarding the control and registration of the URL www.getawaytoday.net to the Plaintiff; and

3    (3) With respect for the unlawful conduct of Defendants resulting from infringement or dilution, unfair competition and cyber-piracy under the Lanham Act that recovery be granted pursuant to 15 U.S.C. §1117; including attorneys fees and costs of court; and

4    (4) With respect to damages for the unlawful conduct of Defendants resulting from the statutory Trademark and Trade-name laws of the State of Utah that recovery be granted pursuant to 70a-3a-404 Utah Code Annotated; including attorneys fees and costs of court; and

5    (5) With respect to damages suffered from Defendants unlawful conduct under common law the awarding of compensatory, and punitive damages, attorney fees, and costs of court in an amount to be determined at the time of trial; and

6    (6) Any and all other relief that the Court deems just and equitable.

Dated this 13 day of July, 2010

_____
Bruce W. Stratford
Attorney at Law